# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| LESHAWN NICKELSON,<br>Plaintiff | Case No. 1:12-cv-655 |
| vs | Spiegel, J.<br>Wehrman, M.J. |
| DAVID MARCUM, ET AL.,<br>Defendants | **REPORT AND RECOMMENDATION** |

Plaintiff, a prisoner in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, brings this civil rights action under 42 U.S.C. § 1983 against three police officers in Ironton, Lawrence County, Ohio. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in*

*forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding *pro se*, brings this § 1983 action against the following Ironton police officers: David Marcum, Jim Milleson and Aaron Bollinger. (Doc. 1, Complaint, p. 4). Plaintiff alleges that on August 4, 2005, the defendants violated his civil rights when they conducted an illegal search of his apartment in South Point, Lawrence County, Ohio, without probable cause based on a " Bare Bone Affidavit." (*Id.*, p. 5). Plaintiff also alleges that on August 3-4, 2005, defendant Marcum "knowingly and recklessly utilize[d] false statements, and deliberately omitted critical facts" in the search warrant affidavit in order to "mislead the issuing Judge into believing there was a substantial basis and probable cause" to search plaintiff's apartment. (*Id.*). Plaintiff claims that the complaint is based on facts "discovered during the week of August 15, 2011," when he first saw and reviewed the search warrant and search warrant affidavit. (*Id.*). As relief, plaintiff "asks this court to thoroughly review the facts of this case and

grant plaintiff a jury tr[ia]l." (*Id.*, p. 6). He also seeks $1,500,00 in compensatory damages, as well as additional "Emotional Distress" and "Punitive" damages. (*Id.*).

Plaintiff states in the complaint that he did file another lawsuit with this Court, entitled *LeShawn Nickelson v. Warden, Chillicothe Corr. Inst.*, Case No. 1:11-cv-334 (S.D. Ohio) (Spiegel, J.), "dealing with the same facts involved in this action or otherwise relating to [his] imprisonment." (*Id.*, p. 2). This Court has authority to "take judicial notice of proceedings in other courts of record" and, therefore, may review the record provided in the prior action on screening of plaintiff's complaint. *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank,* 417 F.2d 75, 82-83 (6th Cir. 1969)); *Saint Torrance v. Firstar,* 529 F. Supp.2d 836, 838 n.1 (S.D. Ohio 2007); *see also Lynch v. Leis,* 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall,* 188 F.3d 327, 332 n.3 (6th Cir. 1999)) (involving judicial notice of on-line court records).

In the prior action, plaintiff filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction in October 2005 upon entry of a guilty plea in the Lawrence County Court of Common Pleas to two counts of drug trafficking; plaintiff was arrested on those and other charges after inculpatory evidence was seized during the challenged search of his apartment on August 4, 2005. *See* Case No. 1:11-cv-334 (Doc. 3; Doc. 37, p. 2; *see also* Doc. 19, Ex. 2; Ex. 6, Tr. 6-8; Ex. 69; Ex. 70). Plaintiff failed to appear for his sentencing hearing in the state court and "remained at large for over three years." *See id.* (Doc. 19, Ex. 1, p. 3; Doc. 37, p. 3). After plaintiff was finally apprehended, he filed a pre-sentence motion to withdraw his guilty plea, arguing in part that his trial counsel "knew that [his] Four[th] Amendment right[s] were violated yet never filed any motion to bring it to the attention of the court." *Id.* (Doc. 19,

4

Ex. 1, p. 3 & Ex. 4). The trial court overruled the motion and sentenced plaintiff on February 6, 2009 to consecutive terms of imprisonment totaling fifteen years. *Id.* (Doc. 19, Ex. 5).

Plaintiff appealed his conviction and sentence to the Ohio Court of Appeals, Fourth Appellate District. *See id.* (Doc. 37, p. 3). His appellate counsel filed an *Anders* brief, but plaintiff submitted six *pro se* assignments of error, including a claim that "illegal evidence was submitted that should have been suppressed." *Id.* (Doc. 19, Exs. 10-11). The Ohio Court of Appeals issued a Decision and Judgment Entry on December 15, 2009, affirming the trial court's judgment after addressing and rejecting plaintiff's *pro se* assignments of error. *Id.* (Doc. 19, Ex. 15). The court reasoned in pertinent part that plaintiff's claim challenging the submission of "illegal evidence . . . that should have been suppressed" was "obviously without merit" because (1) "as there was no actual trial, the court did not 'allow' any evidence – illegal or otherwise;" and (2) plaintiff's guilty pleas constituted "a complete admission of guilt and waiver of his right to challenge evidence that arguably should have been suppressed." *Id.* (Doc. 19, Ex. 15, p. 5). The state appellate court proceedings concluded on March 24, 2010, when the Ohio Supreme Court denied plaintiff leave to appeal and dismissed his appeal from the Ohio Court of Appeals' decision. *Id.* (Doc. 19, Ex. 27).[1]

Over a year later, in May 2011, plaintiff filed his federal habeas petition in Case No. 1:11-cv-334. *See id.* (Doc. 1). In the petition, plaintiff claimed that his trial attorney was ineffective for failing "to investigate and make the appropriate pre-sentence motion on a warrantless search" and that his appellate attorney was ineffective for failing "to address prosecutor's misconduct for

---

[1] It appears from the record of the state-court proceedings that plaintiff also unsuccessfully sought to reopen his appeal with the Ohio Court of Appeals and to withdraw his guilty plea after the sentence was imposed. *See* Case No. 1:11-cv-334 (Doc. 37, p. 3).

failure to produce[] a valid affidavit for search warrant." *Id.* (Doc. 3, pp. 6, 11). On December 19, 2011, the magistrate judge issued a Report and Recommendation to deny the petition with prejudice. *Id.* (Doc. 37). In ruling on plaintiff's claim challenging the effectiveness of trial counsel, the magistrate judge rejected plaintiff's "repeated reassertion that there was no warrant or affidavit to support the warrant." *Id.* (Doc. 37, p. 9). The magistrate judge pointed out that "Exhibit 69 to the Return of Writ . . . contains all of the paperwork one would expect on an Ohio search warrant including an affidavit showing probable cause." *Id.* The magistrate judge also concluded that plaintiff had "made no showing that a motion to suppress would likely have been granted" because "[o]n its face, the warrant shows ample probable cause to search." *Id.* Finally, in addressing the merits of plaintiff's ineffective assistance of appellate counsel claim, the magistrate judge determined that no prosecutorial misconduct occurred, which should have been raised as an issue on appeal, because "there is no duty on a prosecutor to produce a search warrant affidavit" containing only inculpatory information. *Id.* (Doc. 37, p. 13).

In an Opinion and Order filed March 1, 2012, the district judge overruled the plaintiff's objections to the magistrate judge's Report and Recommendation. *Id.* (Doc. 78). The Report and Recommendation was adopted by the Court and the plaintiff's habeas corpus petition was dismissed with prejudice. *Id.* (Docs. 78-79). Although the Court found that a certificate of appealability should not issue and denied plaintiff leave to appeal *in forma pauperis*, plaintiff filed a notice of appeal to the United States Court of Appeals for the Sixth Circuit, which apparently is still pending before that court. *See id.* (Doc. 81).[2]

---

[2]The undersigned also takes judicial notice of another federal habeas corpus petition that plaintiff recently filed with this Court. In that petition, filed in May 2012, plaintiff challenges the same conviction and sentence. *See LeShawn Nickelson v. Warden, Chillicothe Corr. Inst.*, Case No. 1:12-cv-363 (S.D. Ohio) (Spiegel, J.; Litkovitz, M.J.) (Doc. 1). Although it thus appears that the petition is successive, plaintiff's claims for relief do not pertain to

In light of the history preceding the filing of the instant action, plaintiff's complaint fails to state a claim upon which relief may be granted by this Court.

As an initial matter, to the extent plaintiff seeks injunctive relief in the form of an order reversing his guilty-plea conviction so that he may proceed to trial before a jury on the state criminal charges, his sole federal remedy is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 after he has exhausted his state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985). Plaintiff has already unsuccessfully attempted to have his guilty plea invalidated and conviction and sentence reversed by way of a petition for federal habeas corpus relief after exhausting his state court remedies. He may not circumvent this Court's prior disposition of his habeas petition and obtain a second bite of the apple by seeking the same relief in a federal civil rights action filed under 42 U.S.C. § 1983.

To the extent that plaintiff seeks damages as relief, the Court will assume that despite plaintiff's conviction and sentence upon entry of his guilty plea to drug trafficking charges, his claims stemming from the purported illegal search of his apartment are *not* barred from review by *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that when a successful § 1983 civil rights action for damages would necessarily imply the invalidity of a plaintiff's outstanding conviction or sentence, the complaint must be dismissed. *Heck*, 512 U.S. at 486-87; *see also Edwards v. Balisok*, 520 U.S. 641, 643 (1997). In so ruling, however, the Court expressly recognized an exception for certain Fourth Amendment claims. *Heck*, 512 U.S. at 487 n.7. The Court reasoned that in some § 1983 actions for "damages attributable to an allegedly

---

the search of his apartment in 2005.

unreasonable search," the complaint, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful" given doctrines applicable to Fourth Amendment violations like "independent source and inevitable discovery . . . and especially harmless error." *Id.* (emphasis in original). On the other hand, in a later case, the Supreme Court noted that in some cases, "a Fourth Amendment claim can necessarily imply the invalidity of a conviction, and that if it does it must, under *Heck*, be dismissed." *Wallace v. Kato*, 549 U.S. 384, 395 n.5 (2007). The Sixth Circuit has held that the district court must conduct a "case-by-case" assessment in determining "whether a favorable Fourth Amendment judgment would impugn the validity of an outstanding conviction." *Harper v. Jackson*, 293 F. App'x 389, 391-92 (6th Cir. 2008) (and cases cited therein). Here, although plaintiff has sought to overturn his conviction both in the state courts and in the prior federal habeas action on the ground that the search of his apartment was illegal, an argument can be made that plaintiff's Fourth Amendment claims, if successful, would not necessarily impugn the validity of his guilty plea and resulting conviction and sentence. Therefore, the undersigned will assume at this early screening stage of the proceedings that *Heck* does not apply to bar review of the complaint.

Nevertheless, it appears that plaintiff's complaint is barred from review on other grounds.

First, the complaint is governed by Ohio's two-year statute of limitations applicable to personal injury claims. *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Wallace,* 549 U.S. at 387 (and Supreme Court cases cited therein) (holding that the statute of limitations governing § 1983

actions "is that which the State provides for personal-injury torts"); *Zundel v. Holder,* 687 F.3d 271, 281 (6th Cir. 2012) (stating that the "settled practice . . . to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so" is applicable "to § 1983 actions and to *Bivens* actions because neither the Federal Constitution nor the § 1983 statute provides timeliness rules governing implied damages"). Although the statute-of-limitations is an affirmative defense, when it appears clear on initial screening of the complaint that the action is time-barred, the complaint may be dismissed at the screening stage for failure to state a claim upon which relief may be granted. *See Jones v. Bock,* 549 U.S. 199, 215 (2007). *Cf. Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1-2 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" the *pro se* plaintiff's § 1983 civil rights claims under 28 U.S.C. § 1915(e)(2)(B) because the complaint was filed years after Ohio's two-year statute of limitations had expired); *Anson v. Corr. Corp. Of America,* No. 4:12cv357, 2012 WL 2862882, at *2-3 (N.D. Ohio July 11, 2012) (in *sua sponte* dismissing complaint under 28 U.S.C. § 1915(e), the court reasoned in part that the plaintiff's *Bivens* claims asserted "six years after the events upon which they are based occurred" were time-barred under Ohio's two-year statute of limitations for bodily injury).

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace,* 547 U.S. at 388 (emphasis in original). Under federal law, a cause of action accrues for statute of limitations purposes "when plaintiff[] knew or should have known of the injury which forms the basis of [his] claims." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). The "inquiry focuses on the harm incurred, rather than the plaintiff's knowledge of the underlying facts which gave rise to the harm." *Id.* at 501 (quoting *Friedman v.*

9

*Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991)). The statute of limitations commences to run when the plaintiff knows or, in the exercise of due diligence, has reason to know of the injury which is the basis for his cause of action. *Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir. 1984); *see also Ruff*, 258 F.3d at 501.

Courts have held that causes of action based on an alleged illegal search and seizure accrue on the date that the search and seizure occurred. *See Harper*, 293 F. App'x at 392 n.1 ; *see also Geary v. Brantley,* No. 4:12CV-P33-M, 2012 WL 3598286, at *4 (W.D. Ky. Aug. 17, 2012); *Williams v. Monroe Cnty., Kentucky,* No. 1:10CV-P123-M, 2010 WL 4006370, at *1-2 (W.D. Ky. Oct. 8, 2010). *Cf. Thomas v. McElroy*, 463 F. App'x 591, 592 (7th Cir. 2012) ("A claim asserting that a search violated the Fourth Amendment accrues–and the limitations period begins to run–as soon as the plaintiff knows, or should know, about the search and the facts making it unlawful."); *Villegas v. Galloway,* 458 F. App'x 334, 338 (5th Cir. 2012) (holding that plaintiff's claims arising out an allegedly unlawful search and seizure accrued in April 2003, when the search warrant was executed), *petition for cert. filed* (U.S. June 11, 2012) (No. 12-5417). Here, plaintiff's claims arise out of an alleged illegal search and seizure that took place at his apartment on August 4, 2005. To the extent that plaintiff's cause of action accrued on that date, the instant complaint, filed over seven years later, is clearly time-barred.

Plaintiff has suggested in the complaint that his cause of action did not accrue until "the week of August 15, 2011," when he first saw and reviewed the Affidavit of Search Warrant and Search Warrant that are attacked herein. However, upon review of the record in Case No. 1:11-cv-334, it is clear that plaintiff began challenging the legality of the search and seizure prior to his sentencing on February 6, 2009, when he was apprehended over three years after he entered his

10

guilty plea and failed to appear for sentencing in November 2005. *See LeShawn Nickelson v. Warden, Chillicothe Corr. Inst.*, Case No. 1:11-cv-334 (S.D. Ohio) (Spiegel, J.; Merz, M.J.) (Doc. 19, Ex. 1, p. 3 & Ex. 4). At that time, or soon thereafter, the facts giving rise to plaintiff's claim of a Fourth Amendment violation appeared even more egregious because plaintiff claimed that he was informed by a Lawrence County deputy clerk that "no search warrant was ever issued." *See id.* (Doc. 19, Ex. 12, attached exhibit "C"). Therefore, plaintiff's suggestion that his cause of action accrued as recently as August 2011 is belied by the record filed in his prior habeas corpus action. The undersigned remains convinced that the complaint, filed over three years after plaintiff began challenging the search and seizure in the state criminal trial and appeal proceedings, is time-barred.

In any event, even assuming that the complaint should not be dismissed on statute-of-limitations grounds at the screening stage to the extent plaintiff suggests that he did not discover alleged illegalities in the search warrant and search warrant affidavit until August 2011, plaintiff's allegations in that regard are still barred from review. According to plaintiff's version of events, he was informed of the facts underlying his current claims months before the magistrate judge issued the Report and Recommendation in Case No. 1:11-cv-334. In that action, the magistrate judge determined that the search warrant and supporting affidavit, which were attached as an exhibit to respondent's return of writ, showed "ample probable cause to search." *Id.* (Doc. 37, p. 9). The magistrate judge's Report and Recommendation containing that determination was adopted by the District Court. *Id.* (Docs. 78-79). To the extent plaintiff seeks to raise the same issues that were litigated and decided against him in the previous habeas action, his claims are barred from review under the doctrine of collateral estoppel, which bars "relitigation of a fact or

issue where that fact or issue was necessarily adjudicated in a prior cause of action and the same fact or issue is presented in a subsequent suit." *Tenenbaum v. United States Dep't of Defense*, 407 F. App'x 4, 6 (6th Cir. 2010) (quoting *Cobbins v. Tennessee Dep't of Transp.*, 566 F.3d 582, 589 (6th Cir. 2009)) (affirming the dismissal of the plaintiffs' § 1983 action because their claims turned on an issue raised and litigated in a prior action that was necessary to the final resolution of the case, and plaintiffs had a "full and fair opportunity" to litigate the issue in the prior case), *cert. denied*, 131 S.Ct. 2549 (2011).

Finally, to the extent that plaintiff has alleged in the complaint that defendant Marcum knowingly made false and misleading statements in the search warrant affidavit, he has failed to plead any "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). In the absence of any supporting factual allegations, plaintiff's claim is merely an "unadorned, the-defendant-unlawfully-harmed-me-accusation," which fails to provide the defendant "fair notice of what the claim is and the grounds upon which it rests." *See Erickson*, 551 U.S. at 93. Therefore, plaintiff's conclusory allegations are insufficient to state an actionable claim against defendant Marcum.

Accordingly, in sum, the undersigned concludes that the plaintiff's complaint is subject to dismissal at the screening stage because plaintiff has failed to state a claim upon which relief may be granted by this Court.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Court Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 9/11/2012            s/ J. Gregory Wehrman
<span>    cbc</span>                                      J. Gregory Wehrman
                                               United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LESHAWN NICKELSON,
    Plaintiff

vs

DAVID MARCUM, ET AL.,
    Defendants

Case No. 1:12-cv-655

Spiegel, J.
Wehrman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).