```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

LESHAWN NICKELSON,                :      NO. 1:12-CV-655
                                  :
    Plaintiff,                    :
                                  :
    v.                            :      **OPINION AND ORDER**
                                  :
DAVID MARCUM, et al.,             :
                                  :
    Defendant.                    :

       This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 4), and Plaintiff's Objection (doc. 6).  For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Reports and Recommendations in all respects and DISMISSES this matter from the docket.

       This matter involves Plaintiff's allegations that three Ironton, Ohio, police officers violated his civil rights on August 4, 2005, when the officers conducted a search of his apartment in South Point, Lawrence County, without probable cause based on a "bare bone affidavit" (doc. 3).  Plaintiff further alleges that Defendant Officer Marcum "knowingly and recklessly utilize[d] false statements, and deliberately omitted critical facts" in the search warrant affidavit in order to "mislead the issuing Judge into believing there was a substantial basis and probable cause" to search Plaintiff's apartment (<u>Id</u>.).  Plaintiff claims his Complaint is based on facts he discovered in August 2011, when he "first saw and reviewed the search warrant and search warrant affidavit"

(Id.).  Plaintiff brings his Complaint pursuant to 42 U.S.C. § 1983, seeking a jury trial, $1,500,000 in compensatory damages, emotional distress damages, and punitive damages (Id.).

**I.   The Magistrate Judge's Report and Recommendation and Plaintiff's Objection**

The Magistrate Judge issued his Report and Recommendation after a sua sponte review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b), concluding Plaintiff's Complaint should be dismissed (doc. 4). The Magistrate Judge found that to the extent Plaintiff seeks injunctive relief in the form of an order reversing his guilty-plea conviction, his sole remedy is a petition for habeas corpus, which Plaintiff already unsuccessfully attempted (Id.). To the extent Plaintiff seeks damages, the Magistrate Judge found his Complaint is barred by the applicable two-year statute of limitations, by collateral estoppel, and in any event, the claims against Marcum are merely conclusory and merit dismissal (Id.).

Plaintiff objected to the Magistrate Judge's Report and Recommendation, reiterating his view that the affidavit in support of the warrant to search his apartment was insufficient (doc. 6). Plaintiff claims he is not seeking "a second bite at the apple," in relation to his habeas claims, and argues based on the discovery rule that the statute of limitations should not bar his action (Id.).  Plaintiff repeats his claim that Defendant Marcum's affidavit in support of the warrant included false and misleading

2

statements, and claims the affidavit should have included a number of more specific facts (Id.). Finally, Plaintiff invokes the fact he is a pro se litigant, and as such, should be held to less stringent pleading standards (Id.).

## II. Analysis

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendations thoughtful, well-reasoned, and correct. The Court agrees that Plaintiff's action is barred by the applicable two-year statute of limitations, which accrued on the date of the search and seizure in August 2005. Harper v. Jackson, 293 F.Appx'x 389, at 392 n.1 (6th Cir. 2008). Even if the discovery rule would be applicable, Plaintiff challenged the legality of the search and seizure prior to his sentencing on February 6, 2009, which shows his action accrued before August 2011 (Id.). Plaintiff's action is too late, in any event, as he filed it September 11, 2012 (doc. 3).

Even if the statute of limitations could be overcome, the Court further agrees Plaintiff is collaterally estopped from raising his challenges, as the Court has already found probable cause for the search he challenges (Id., citing Tenenbaum v. United States Dept. Of Defense, 407 F.App'x 4, 6 (6th Cir. 2010). Plaintiff's objection in no way addresses the doctrine of collateral estoppel, which is fatal to his claim that the affidavit and warrant were insufficient.

3

Finally, the Court finds Plaintiff's allegations against Defendant Marcum merely conclusory in nature, and therefore without basis. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Under these circumstances, even a liberal construction for a pro se litigant cannot salvage this matter from dismissal.

**III. Conclusion**

Accordingly, having reviewed this matter de novo, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in all respects (doc. 4), and DISMISSES Plaintiff's Complaint (doc. 3) with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court further CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that for the reasons articulated in the Magistrate Judge's Report and Recommendation and adopted by this Order, an appeal of this Order would not be taken in good faith. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

SO ORDERED.

Dated: May 8, 2013            s/S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge